IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KATRINA R. YOUNG,<br><br>*Plaintiff*,<br><br>v.<br><br>TRACY YOUNG, *et al.*,[1]<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:23-cv-00263-TES |

### ORDER

*Pro se* Plaintiff Katrina Young filed this action against Defendants Tracy Young and TMX Finance LLC, alleging various violations of federal law arising from her transactions with TitleMax in Macon, Georgia. [Doc. 1, p. 5]. Contemporaneously with the filing of this lawsuit, Plaintiff moved the Court to allow her to proceed *in forma pauperis* (without prepayment of the filing fees). [Doc. 2].

### Motion for Leave to Proceed *In Forma Pauperis*

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security

---

[1] It is unclear from Plaintiff's current Complaint if she intends to name Tracy Young as a separate Defendant. Plaintiff should clearly mark the parties she intends to name as Defendants in her recast complaint.

therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

In her Motion, Plaintiff states that she is self-employed, and earned approximately $9,000.00 in the past 12 months, equaling roughly $750.00 per month. [Doc. 2, p. 1]. Plaintiff's monthly expenses total $580.00 (excluding food, gas, etc.). [*Id.* at p. 2]. Because Plaintiff signed an affidavit declaring under penalty of perjury that the aforementioned information is true, the Court concludes that she is presently unable to pay the requisite filing fee associated with this action, and therefore **GRANTS** her Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2].

Having granted Plaintiff's Motion, the Court must now screen her Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). However, Plaintiff's Complaint, as it is currently drafted,

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez, v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

does not allow the Court to make such a determination.

Plaintiff's Complaint lists 11 paragraphs of factual allegations but fails to tie those facts to any specific cause of action. [Doc. 1, p. 6]. In those allegations, Plaintiff asserts that "Title[Max] is attempting to collect funds related to a billing error[,]" and "failed to promptly notify" her of billing errors in her account. [*Id.*]. Additionally, Plaintiff alleges that TitleMax "refused to provide required disclosures upon request," and refused to "return title after [Plaintiff] notified" TitleMax that she was "enforcing [her] rights to rescind contract [*sic*]." [*Id.*].[3]

Instead of attempting to wade through the loose-fitting facts of Plaintiff's current pleading, the Court **ORDERS** Plaintiff to **RECAST** her Complaint. To aid in Plaintiff's drafting, the Court trusts that answers to the following questions may provide some guidance. When drafting factual allegations, Plaintiff must clearly identify those she wishes to include as named defendants and then, under each name, list numbered responses to the following:

(1) What did this defendant do (or not do) to violate your rights?

(2) When and where did each action occur (to the extent memory allows)?

(3) How were you injured as a result of this defendant's actions or decisions?

(4) What relief do you seek as to this defendant?

---

[3] To the extent Plaintiff relies on the alleged contract, she needs to provide the Court with additional information regarding the document. If possible, Plaintiff should include the contract as an exhibit to her recast complaint.

Plaintiff should state her claims as simply as possible and need not use formal language or legalese. *See* Fed. R. Civ. P. 8. Plaintiff is also not required to cite any specific statute or case law to state a claim. *See id.* Plaintiff's recast complaint will become the operative pleading in the case. That means the Court WILL NOT look back to the original Complaint [Doc. 1]. Accordingly, Plaintiff must include all factual allegations and claims she wishes to bring against these Defendants in that recast complaint.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2]. However, Plaintiff must **RECAST** her Complaint and file it with the Court within **14 DAYS of this Order**. Plaintiff is warned that if she fails to comply with this Order, her case will be dismissed without further notice.

**SO ORDERED**, this 25th day of July, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**